IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GARY M. MOZELLE, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:09-CV-57 (WLS) |
| VS. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| BRIAN OWENS; THOMAS AMMONS; Ms. HUTTO; Dr. SMITH, | : | |
| Defendants | : | RECOMMENDATION |

Plaintiff **GARY M. MOZELLE**, an inmate at Autry State Prison in Pelham, Georgia, has filed another *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a separate Order entered on this date, the Court has granted his motion to proceed *in forma pauperis.*

### *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege

or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff alleges that on May 24, 2007 he was working in the kitchen at Autry State Prison. Plaintiff states that he crushed his hand between the freezer door and the edge of the table. Plaintiff complains that treatment of his crushed hand was inadequate. Plaintiff states that his hand has been in both a soft and hard cast, but is still swollen and painful. Plaintiff claims that he does not have full use of his hand. Plaintiff states that he was forced back on kitchen detail although he was still in severe pain. Plaintiff maintains that he has, on many occasions, requested to have corrective surgery on his hand. Plaintiff states that he was transferred to Scott State Prison in November, 2007

Plaintiff has named Thomas Ammons, Warden at Autry State Prison, as a defendant. However he makes no allegations against Mr. Ammons. A § 1983 claim must allege a causal connection between a defendant and an alleged constitutional violation. See *Zatler v. Wainwright*, 802 F.d 397, 401 (11th Cir. 1986). Mr. Ammons is subject to dismissal on this ground alone.

Moreover, to any extent that plaintiff is attempting to hold Thomas Ammons responsible for the actions of his employees, it is well settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a theory of respondeat superior or supervisory liability. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *H.C. by Hewett v. Jarrard*, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett*, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need

to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." ***Brown v. Crawford***, 906 F.2d 667, 671 (11th Cir. 1990), ***cert. denied***, 500 U.S. 933 (1991).

Plaintiff does not allege Thomas Ammons was personally involved in any of his alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold this defendant responsible for the plaintiff's alleged constitutional deprivations.

Accordingly, the Undersigned **RECOMMENDS** that Thomas Ammons be dismissed from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this Recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 4th day of May, 2009.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

lnb