IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GARY M. MOZELLE,

               Plaintiff

     VS.

BRIAN OWENS, *et al.*,

               Defendants

NO.  1:09-CV-57 (WLS)

PROCEEDING UNDER 42 U.S.C. §1983
BEFORE THE U.S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

Pending in this *pro se* prisoner 42 U.S.C. § 1983 action is defendants' motion to dismiss under Rule 12(b)6 of the Federal Rules of Civil Procedure (Tab #10) and their motion to stay the proceedings until the motion to dismiss has been ruled upon (Tab #11).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (internal quotations omitted). *See also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S.___, 129 S.Ct. 1937, 1946, 173 L.Ed.2d 868  (May 18, 2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 15.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 14.

## PLAINTIFF'S CONTENTIONS

According to plaintiff Mozelle's unverified complaint, early in the morning of May 24, 2007, he was working in the kitchen at Autry State Prison when he injured his hand.  Although he was in "severe pain," his supervisor, Ms. Brown, informed him he would have to wait for assistance until "medical" came in at 6:00 A.M.   After some delays, Plaintiff was able to see "medical" at 9:30 A.M.  The "medical staff" examined and x-rayed his hand and determined that it was broken.  The "medical staff" wrapped his hand in a splint and released him without any pain medication.  The next day, Plaintiff Mozelle was taken to Flint River Orthopædic ("FRO") where a specialist x-rayed Plaintiff's hand, found a "severe fracture," and put him in a soft cast.  Three to four weeks later, Plaintiff returned to FRO where another specialist performed another x-ray and found a wrist fracture; this specialist placed Plaintiff in a hard case.

Approximately six to eight weeks later, Plaintiff again returned to FRO to have the case removed.  At that time, his hand was swollen and he was in pain.  FRO sent him back to ASP without any further treatment or recommendations for treatment.  Once back at ASP, he was required to return to his work on the kitchen detail although he was still complaining of pain and limited use of his hand.

In his complaint, plaintiff Mozelle has named as defendants, (1) Brian Owens, now the Commissioner of the Georgia Department of Corrections; (2) Elaine Hutto, the Medical Director at ASP; and (3) Dr. William Smith, previously a physician at ASP.   He alleges that "[t]he Defendants have shown a deliberate indifference to my serious medical need by denying me the corrective surgery needed to repair my severely fracture hand and wrist, causing me unnecessary pain and limited use of my hand."

Defendants contend that plaintiff has failed to exhaust administrative remedies and that his complaint must be dismissed.[1]

---

[1]Defendants also assert other grounds for dismissal; however, the undersigned is only addressing the ground of failure to exhaust administrative remedies.  If the district judge to whom this case is assigned declines to accept this recommendation, the undersigned will then address the other grounds on their merits.

## DISCUSSION

42 U.S.C.§ 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative  remedies as are available are exhausted.

*Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998).

Defendants have submitted affidavits regarding plaintiff Mozelle's use of the grievance process.  The Department of Corrections has a grievance process which is available to all inmates. (Nobles affidavit, ¶ 5 Tab 10). The grievance process has three steps: the filing of (1) an informal grievance, (2) a formal grievance, and (3) an appeal to the Department of Corrections' Commissioner's Office.  (*Id.*, ¶ 7-15). An inmate must complete all three steps to exhaust his administrative remedies. (Id., ¶ 16).  Inmates are made aware of this process and grievance forms are available to them in their living areas. (Id., ¶¶ 9, 24).  Plaintiff acknowledged receiving an orientation on these procedures. (Id., ¶ 24).

Plaintiff asserts that he attempted to pursue the grievance process but was unable to completely exhaust because, after his transfer to Scott State Prison ("SSP"), he never received a response to his formal grievance.  However, defendants have shown that once the warden at ASP had responded to Plaintiff's formal grievance, the response was faxed to the grievance coordinator at SSP. (Nobles affidavit, ¶ 21 and Exhibit D, Tab 10).  The grievance coordinator then provided the response to Plaintiff and explained to him his right to appeal. (Id., ¶ 22 and Exhibit E; Mosley affidavit, ¶ 6 and Exhibit A). Plaintiff signed the grievance form, indicating that he received the warden's response to the formal grievance on December 11, 2007. (Nobles affidavit, Exhibit C).

In his response to the motion to dismiss, plaintiff Mozelle contends that he filed his informal grievance on September 30, 2007 and a formal grievance on October 22, 2007. He avers that he was transferred to another facility on November 20, 2007; that he received the denial of his formal grievance on December 11, 2007; and, that he filed an appeal on December 14, 2007. However, he does not provide any documentation of the filing of the appeal. Additionally, neither plaintiff's complaint nor his response to this motion are verified, nor has plaintiff provided any other type of properly sworn statement regarding the filing of the appeal of his formal grievance. Exhibit E is a memo from the chief counselor at Scott State Prison, Pearline Mosley, which states that plaintiff did *not* return an appeal in a timely manner (Tab #10). Moreover, an affidavit of Ms. Mosely further indicates that plaintiff did *not* timely file an appeal to the formal grievance. (Exhibit 2-2B, Tab #10).

This Court may resolve this credibility issue in considering the exhaustion issue. *Bryant v. Rich*, 530 F.3d 1368, 1376-77 (11th Cir. 2008). In light of defendants' sworn affidavits and other documentation, the undersigned finds that Plaintiff's unsworn assertions of exhaustion are not credible.

The clear mandate of *Alexander v. Hawk* is that a prisoner must exhaust the remedies available under an administrative remedy program *before* filing an action such as this. Given these circumstances, the undersigned finds that dismissal of these claims against the defendants is mandated because of plaintiff's failure to exhaust administrative remedies. The court must follow the dictates of circuit law. This circuit, in interpreting the PLRA, has determined that exhaustion is now a pre-condition to suit, and the courts can no longer simply waive those requirements where it is determined the remedies are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

4

In light of the foregoing, IT IS RECOMMENDED that defendants' motion to dismiss the complaint (Tab #10) be **GRANTED** and that their motion to stay the proceedings (Tab #11) be **GRANTED**, staying these proceedings until disposition of said motion to dismiss.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

SO ORDERED AND RECOMMENDED, this 27th day of JANUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE