IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| GARY M. MOZELLE, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:09-CV-57 (WLS) |
| BRIAN OWENS, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Before the Court is a Report and Recommendation from United States Magistrate Judge Claude W. Hicks, Jr. filed January 27, 2010. (Doc. 15). It is recommended that Defendants' Motion to Dismiss (Doc. 10) be **GRANTED**. It is also recommended that Defendants' Motion to Stay (Doc. 11) be **GRANTED**, staying the instant action until disposition of the motion to dismiss (Doc. 10). Plaintiff filed an Objection on February 18, 2010. (Doc. 17). Defendants filed a Response to Plaintiff's objection on February 25, 2010. (Doc. 18).

Judge Hicks found that Plaintiff failed to exhaust his administrative remedies; and, accordingly, Defendants' Motion to Dismiss should be granted. (Doc. 15). Judge Hicks found that Plaintiff failed to establish that he completed the third step of the Georgia Department of Corrections grievance process – appeal (following an informal and formal grievance) to the Department of Corrections' Commissioners' Office. Id. Judge Hicks found that Defendants produced sufficient evidence to conclude that Plaintiff received a response to his formal grievance in contravention of his statement that he did not, and that the grievance coordinator signed a form indicating that Plaintiff received the warden's response to the formal grievance on December 11, 2007. Id. Judge Hicks also found that despite Plaintiff's contention in response to

Defendants' motion to dismiss that Plaintiff was transferred to another corrections facility where he received the denial of his formal grievance on December 11, 2007 and did file an appeal on December 14, 2007, Plaintiff provided no evidence to support his alleged filing of appeal. Id. Judge Hicks found that considering that neither Plaintiff's complaint nor response to Defendants' motion to dismiss were verified and Plaintiff did not provide any other type of sworn statement regarding the filing of the appeal of his formal grievance, that Defendants' contentions that Plaintiff failed to exhaust were correct, in view of Defendants' supporting documentation including an affidavit from Counselor Pearline Mosley stating that Plaintiff did not return an appeal in a timely manner. Id.

In his Objection (Doc. 17), Plaintiff provides a sworn statement that he did exhaust his administrative remedies and did appeal the denial of his formal grievance, that he had no possible way of obtaining documentation of his appeal form, and that the photocopying process renders it impossible to timely obtain photocopies.

In their Response (Doc. 18), Defendants assert that Plaintiff provided a sworn statement in his objection but failed to provide sworn statements in his complaint or response to Defendants' motion to dismiss. Defendants contend that Plaintiff's contentions in his objection amount to new evidence not presented to Magistrate Judge Hicks; and, therefore, they should not be considered. Further, Defendants assert that Plaintiff proffered no reason for not submitting sworn responses in opposition to Defendants' evidence and could have done so. Defendants also state that Plaintiff's explanation that he did submit an appeal of his formal grievance is in contradiction to Plaintiff's statement in his complaint that he was never provided a response to his formal grievance; and, therefore, neither of Plaintiff's statements should be credited as his statement in his objection shows that his initial contention was a prior inconsistent statement. Lastly, Defendants state that Plaintiff should have a receipt and a copy of an appeal if he indeed

filed one and significant time elapsed from the filing of Defendants' motion to dismiss in July 2009, enabling Plaintiff to obtain a photocopy even if the time for obtaining a photocopy was lengthy. Thus, Defendants assert that multiple grounds exist to grant their requested motion to dismiss Plaintiff's complaint.

Upon view of the record, Plaintiff's objections and Defendants' response, the Court finds that Plaintiff has no documentation to support his contention that he filed an appeal to the denial of his formal grievance, said contention is in contravention of his allegation that he never received a response from his formal grievance, and Plaintiff fails to allege that he sought a photocopy of his alleged appeal even if the time to receive a photocopy is lengthy. Plaintiff only provided his sworn statement after Judge Hicks's Report and Recommendation. It is therefore untimely and is not credited for reasons stated. Thus, the Court finds that Judge Hicks's findings as to Plaintiff's allegations were proper, Plaintiff's objections lack merit, and Defendants' present a creditable response. Accordingly, Plaintiff's objections (Doc. 17) are **OVERRULED**. Plaintiff failed to exhaust his administrative remedies prior to instituting the instant action; thus, Defendants' motion to dismiss should be granted.

Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 15) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, as modified, for reason of the findings made and reasons stated therein together with the findings made, reasons and stated conclusions reached herein. Accordingly, Defendants' Motion to Dismiss (Doc. 10) is **GRANTED**. Plaintiffs' Complaint (Doc. 2) is **DISMISSED**. Defendants' Motion to Stay Proceedings (Doc. 11) is **DENIED as moot**.

SO ORDERED, this 31st day of March, 2010.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**